


UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KIMBERLY ANN MILETTA,<br>Defendant. | CR 2:22-cr-00195-MEMF<br>I N D I C T M E N T<br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Company A was a book and audio publishing company owned by J.O.

2. Defendant KIMBERLY ANN MILETTA was a resident of Ventura, California, and the president of Company A.

3. Defendant MILETTA hired her romantic partner to work at Company A.

4. J.O. had a checking account at Bank of America ("J.O.'s Personal Checking Account"). Defendant MILETTA held a power of attorney over J.O.'s Personal Checking Account and was a co-signor on the account. Defendant MILETTA was authorized to access J.O.'s Personal Checking Account to pay J.O.'s bills. Defendant MILETTA was not authorized to access or use J.O.'s Personal Checking Account to purchase items for herself or for her family, friends, or romantic partners.

5. Company A had a checking account at Bank of America (the "Business Checking Account"). Defendant MILETTA was a signatory on the Business Checking Account. Defendant MILETTA was authorized to use the Business Checking Account to pay for Company A's business expenses. Defendant MILETTA was not authorized to use the Business Checking Account to pay for personal expenses for herself or for her family, friends, or romantic partners.

6. Defendant MILETTA was authorized to use an American Express credit card issued in defendant MILETTA's name (the "Business Credit Card") that was linked to a corporate credit card account in Company A's name to pay for Company A's business expenses. Business Credit Card transactions were processed through servers in North Carolina. Defendant MILETTA was not authorized to use the Business Credit Card to pay for personal expenses for herself or for her family, friends, or romantic partners.

B. THE SCHEME TO DEFRAUD

7. Beginning in or about October 2013, and continuing until at least in or about January 2018, in Santa Barbara, Ventura, and Los Angeles Counties, within the Central District of California, and elsewhere, defendant MILETTA, together with others known and unknown

to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud J.O. and Company A as to material matters, and to obtain moneys, funds, assets, and other property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The scheme to defraud operated, in substance, as follows:

a. Defendant MILETTA used her access to J.O.'s Personal Checking Account, the Business Credit Card, and the Business Checking Account, and her role as president of Company A, to misappropriate and cause others to misappropriate money and goods from J.O. and Company A. Specifically, defendant MILETTA: (1) used her access to the Business Credit Card to pay for defendant MILETTA's own unauthorized personal expenses and the unauthorized personal expenses of defendant MILETTA's romantic partner, family members, and friends; (2) used her access to the Business Checking Account to cause Company A to pay rent for defendant MILETTA's romantic partner; (3) used her position as president of Company A to cause Company A to buy and resell a 2004 Dodge Truck in a way that resulted in a profit to defendant MILETTA and to her romantic partner and a loss to Company A; and (4) used her access to J.O.'s Personal Checking Account to make unauthorized wire transfers from that account for defendant MILETTA's own gain.

Unauthorized Use of the Business Credit Card

b. As defendant MILETTA knew, defendant MILETTA frequently used the Business Credit Card for unauthorized, personal, non-business-related expenses such as payments to purchase designer clothing, purses, and sunglasses; airline tickets for defendant

MILETTA's sister; veterinary services, pet supplies, and pet accessories; spa treatments; and mattresses and rugs.

c. In order to conceal her conduct, defendant MILETTA falsely represented to J.O. that defendant MILETTA was using the Business Credit Card only for gas and office supplies, and intentionally omitted the material information that she was using the Business Credit Card for unauthorized, personal, non-business-related expenses.

d. Additionally, despite the fact that J.O. told defendant MILETTA that J.O.'s personal funds were not to be used to pay off any balances on the Business Credit Card issued to defendant MILETTA, defendant MILETTA caused the balances on the Business Credit Card to be paid from J.O.'s Personal Checking Account, rather than the Business Checking Account. As defendant MILETTA knew, Company A's bookkeeper reviewed all of Company A's expenses and accounted for them in Company A's books and records. By causing the balances on the Business Credit Card to be paid from J.O.'s Personal Checking Account, rather than from the Business Checking Account, defendant MILETTA evaded the bookkeeper's review of the expenses charged to the Business Credit Card, which allowed defendant MILETTA to continue her fraudulent scheme undetected.

Unauthorized Use of the Business Checking Account

e. Between approximately January 2017 and January 2018, without authorization, defendant MILETTA used her access to the Business Checking Account and her position as president of Company A to cause Company A to pay for unauthorized, personal, non-business-related expenses for defendant MILETTA's romantic partner, including rent payments.

f. Defendant MILETTA concealed from Company A's bookkeeper that defendant MILETTA was causing Company A to pay rent for defendant MILETTA's romantic partner, and defendant MILETTA caused the payments to be falsely recorded in Company A's accounting records as warehouse rent.

Sale of 2004 Dodge Truck

g. On or about March 18, 2013, defendant MILETTA bought a 2004 Dodge truck with a vehicle identification number ending in 9602 ("the Dodge") for approximately $13,000.

h. Approximately three years later, on or about April 5, 2016, defendant MILETTA caused Company A to buy the Dodge for approximately $15,532, which defendant MILETTA knew was a grossly inflated price.

i. On or about October 27, 2017, defendant MILETTA caused Company A to sell the Dodge to defendant MILETTA's romantic partner for just $1,500. Defendant MILETTA then caused Company A to reimburse defendant MILETTA's romantic partner for the purchase. Two months later, on or about December 1, 2017, defendant MILETTA's romantic partner sold the Dodge for $6,500.

j. As a result of these sales, defendant MILETTA made a profit of at least approximately $2,532; defendant MILETTA's romantic partner made a profit of at least approximately $6,500; and Company A suffered a loss of at least approximately $17,032.

Unauthorized Use of J.O.'s Personal Checking Account

k. On or about October 16, 2013, without authorization, defendant MILETTA used her power of attorney over J.O.'s Personal Checking Account to wire approximately $47,360 out of J.O.'s Personal Checking Account to purchase a luxury car for herself. On or about

October 28, 2013, without authorization, defendant MILETTA used her power of attorney over J.O.'s Personal Checking Account to wire approximately $973,213 out of J.O.'s Personal Checking Account to purchase a home for herself on Breaker Drive in Ventura, California (the "Breaker Property").

l. In connection with completing the purchase of the Breaker Property, defendant MILETTA falsely represented to a title company that J.O. had signed a third-party deposit form instructing the title company to deposit the funds from the unauthorized wire transfer into an escrow account, and authorizing the title company to use the funds to complete the escrow for the Breaker Property. In fact, as defendant MILETTA knew, J.O. had not signed the third-party deposit form, had not authorized the wire transfer, and had not authorized the title company to use any of J.O.'s funds in connection with the purchase of the Breaker Property.

9. As a result of defendant MILETTA's scheme, J.O. and Company A lost a combined total of at least approximately $1.3 million.

C. USE OF THE WIRES

10. On or about the dates set forth below, in Santa Barbara, Ventura, and Los Angeles Counties, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant MILETTA, together with others known and unknown to the Grand Jury, transmitted and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| ONE | 1/31/2017 | Electronic transmission of approximately $2,214 to LoCali Management Group to pay personal rent from the Business Checking Account without authorization. |
| TWO | 6/23/2017 | Electronic transmission of approximately $3,973 to Advanced Veterinary Specialists to purchase veterinary services on the Business Credit Card without authorization. |
| THREE | 10/10/2017 | Electronic transmission of approximately $2,320 at Thibiant Beverly Hills Med Spa to purchase spa treatments and beauty products on the Business Credit Card without authorization. |
| FOUR | 12/7/2017 | Electronic transmission of approximately $5,419 to The Sleep Shoppe in Ventura, California, to purchase a mattress and box springs on the Business Credit Card without authorization. |
| FIVE | 1/31/2018 | Electronic transmission of approximately $2,214 to LoCali Management Group to pay personal rent from the Business Checking Account without authorization. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant KIMBERLY ANN MILETTA's conviction of the offenses set forth in this Indictment.

2. Defendant MILETTA, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense, including but not limited to the real property located at 3276 Breaker Drive in Ventura, California 93004, Assessor Parcel Number 074-0-210-065; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant MILETTA, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant MILETTA, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the

//

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Acting Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

CAROLYN S. SMALL
Assistant United States Attorney
Major Frauds Section