H. Dean Steward  SBN 85317
17 Corporate Plaza Dr., Ste. 254
Newport Beach, CA 92660
949-481-4900
Fax 949-706-9994
deansteward7777@gmail.com

Attorney for Defendant
Kimberly A. Miletta

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>          Plaintiff,<br><br>     vs.<br><br>KIMBERLY A. MILETTA<br><br>          Defendant. | Case No.  CR-22-195-MEMF<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS; EXHIBIT "A"<br><br>Date: Feb. 8, 2024<br>Time: 10:00 AM |

Comes now defendant Kimberly A. Miletta, together with counsel, and replies below to the government's opposition to the defense motion to dismiss the indictment [Docket #54].

Dated 1-24-24              /s./ H. Dean Steward
                           H. Dean Steward
                           Counsel for Defendant
                           Kimbrely A. Miletta

- 1 -

## I. Introduction

Much of the government's opposition merely parrots the unproven allegations in the indictment. The opposition goes further, crediting the conclusions, suppositions and guesses of both the complaining witness, (Opperman), and her attorney, (Umhofer).

For example, the government sets out the following:

"An attorney for the victims, Matthew Umhofer, contacted the government with a request to obtain copies of property that the government located and seized from defendant's residence during the execution of the search warrants. But that in fact belonged to the victims, and not the defendant."

Government opposition, p. 1, ln. 20-24

It is clear that the government relied on the opinions and conclusions of the complaining witness's attorney. They abandoned their duty as prosecutors to seek the truth, in order to accommodate a former Asst. U.S. Attorney[1] from their very own office. "The prosecutor's duty to seek the truth and vindicate the demands of justice distinguishes his role from that of ordinary trial counsel. As the state's representative, the prosecutor may not assume 'the role of an architect of a proceeding that does not

---

[1] For example, see Umhofer as government counsel in Los Angeles in *U.S. v. Delaney* 427 F.3d 1224 (9th Cir. 2005); *U.S. v. Luong* 470 F.3d 898 (9th Cir. 2006).

comport with standards of justice.'" *Brady v. Maryland*, 373 U.S. 83, 88 (1963).

## II. Objection by Defendant's Counsel

The government claims that counsel for the defendant, "…never raised any objections" to the civil action seeking documents and data. Government opposition, p. 4, ln. 23-24. This is not accurate. As demonstrated by the government's Ex. 1, p. 7, defendant's attorney on the investigation (as opposed to counsel on the civil motion filed by Umhofer), did set out an objection, with his comment that it looked like the government was nothing but an arm of the complaining witness and her counsel.

## III. Government's Extreme Conduct

The defense position is that the government followed the lead and urging of private counsel (Umhofer) to investigate and then indict Ms. Miletta. Usurping the prosecution's function is surely extreme and outrageous. *Bischel v. U.S.* 32 F3d 259, 264 (7th Cir. 1994), ("The Department of Justice wields enormous power over people's lives, much of it beyond effective judicial or political review. With power comes responsibility, moral if not legal, for its prudent and restrained exercise"); *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407–10 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990), ("Given the significance of the prosecutor's charging and plea-bargaining decisions, it would offend common notions of justice to have them made on the basis of a dart throw, a coin toss or some other arbitrary or capricious process.").

**IV. Securing the Indictment**

*1. Umhofer's Cheerleading-*

Of the first four entries on the government's index to discovery in this case, two include references to Umhofer and his input:

USAO Bates # 00000022   Report and agent's notes dated 2-26-2019- interview with Matthew Umhofer

USAO Bates# 00000029   Report dated 03-04-2019 and attachments- Interview of Matthew Umhofer and Cover sheet re thumb drive

It is clear that attorney Umhofer contacted government counsel[2] repeatedly and the FBI early and often in the investigation. Surely his goal was to secure the now-pending indictment and victims' rights relief for his client.

*2. "Audit" by Complaining Witness's Lawyer-*

Importantly, Umhofer purported to support his claims of embezzlement and fraud by the defendant with a report/audit prepared <u>at his direction</u> by a private investigator.[3] Umhofer shared this report with the government, claiming it was further proof of wrongdoing by Ms. Miletta. This was yet another instance of the pressure and

---

[2] Umhofer's name is seen 59 times in the discovery index herein.
[3] The investigator was a former FBI agent in Southern California, one Paul Bonin.

- 4 -

coercion put upon the government by Umhofer. Through Umhofer, the government received-

1. Thumb drive- Investigative materials- Paul Bonin

2. Paul Bonin an Associates- 4827 Calle Alto Camarillo- Property Query

3. Paul Bonin & Associates- Background investigation of Kimberly Miletta Report

4. Paul Bonin & Associates- Phoenix Books Inc (2)- RE Active account

*U.S. v. Miletta- government discovery index, p. 16-17*

Such heavy-handed input to the government was unfair. The outside investigator created a "road map" for the government, based on slanted and biased views of the evidence and facts.

**V. Nexus**

The connection between Umhofer's actions, the government's responses and the defendant are clear. An independent, measured investigation was not possible with Umhofer's pressure on the government. Umhofer's actions were beyond zealous advocacy and the government's acquiescence was the nexus required under case law.

**VI. Conclusion**

For more than three years, attorney Mattew Umhofer pursued an indictment against Ms. Miletta (see attached timeline, Ex. "A"). He began in the Winter of 2019

and was rewarded with an indictment in May of 2022. The government's abdication of the prosecutorial role to seek truth and justice was apparent, and the indictment must be dismissed.

Dated 1-24-24  /s./ H. Dean Steward
H. Dean Steward
Counsel for Defendant
Kimbrely A. Miletta

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza Drive, Ste. 254 in Newport Beach, CA.

I am not a party to the above-entitled action. On 1-24-24, I have caused service of the defendants:

**REPLY TO GOVERNMENT'S OPPOSTION TO MOTION TO DISMISS**

on the following parties by email, as it is proposed to be filed under seal, to:

AUSA JENNA WILLIAMS AND DECLAN CONROY

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1-24-24

s./ H. Dean Steward