O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY ANN MILETTA, <br><br> Defendant. | Case No.: 2:22-cr-00195-MEMF-1 <br><br> **PRETRIAL CONFERENCE ORDER** |

On August 30, the Court held the Final Pretrial Conference in this action. After due consideration of the arguments made by the parties, the Court makes the following orders following the Final Pretrial Conference.

**I.   Trial Schedule, Logistics, and Admonishment to Defendant**

- Trial shall be CONTINUED from the current date of September 9, 2024, to September 17, 2024, due to the Court's availability. The parties must appear for trial at 8:30 a.m. on Tuesday September 17, 2024. Trial will be held in Courtroom 8B at 350 West First Street, Los Angeles, California.

- - Both parties indicated during the Conference that their understanding was that this new date would work, although the government stated that they wished to double check with witnesses. In the event that either party discovers that there are witness availability issues or other scheduling issues with the new date of September 17, 2024, that party must meet and confer with the opposing party and then file a statement by **Wednesday September 4, 2024**.
  - The Court's and the parties' understanding is that this continuance will not cause any issues as to Miletta's speedy trial rights, but out of an abundance of caution, the parties shall file a stipulation either identifying the current deadline for trial to begin or excluding further time. This stipulation must be filed by **Wednesday September 4, 2024**.
- The daily trial schedule will be 8:30 a.m. to 2:30 p.m., with three 20-minute recesses (and no long lunch break).
- All parties must wear masks whenever they are in the courtroom. When witnesses are testifying, they may do so without a face covering or may wear a clear mask or a clear face shield. The parties are responsible for providing masks for themselves and clear masks or clear face shields for their witnesses that wish to wear them while testifying.
- Trial will proceed if Miletta voluntarily absents herself at any point past the commencement of trial. Fed. R. Crim. P. 43(c)(1)(A).

## II. Motions in Limine

- The government filed four Motions *in Limine*. The Court addresses these Motions *in Limine* in a separate order.

## III. Voir Dire

- The Court will use the "Arizona blind strike" method of jury selection.
- The jurors shall only be referred to by their numerical designation on the randomized list and not by name in open court.
- The Court will aim to select a jury of 12 with an additional 2 alternates. Accordingly, with respect to peremptory challenges, the Government shall have 6, and the Defendant

- 10, and each shall have an additional 1 for the alternates. *See* Fed. R. Crim. P. 24(b)(2); Fed. R. Crim P. 24(c)(4)(a).
- The parties are ORDERED to meet and confer and file a proposed Statement of the Case that the Court will read to the jurors no later than **Wednesday September 4, 2024.** The government advised the Court that the victims and witnesses can be referred to by their full names and not pseudonyms once voir dire begins.
- The Court will ask the government's proposed questions (ECF No. 107) as well as the questions set forth in the attached.

IV. **Jury Instructions**

- The Court APPROVES the parties' Joint Proposed Jury Instructions 1–14, and will give those at the opening of the trial. *See* ECF No. 102.
- In light of the Court's ruling on the government's Motion in Limine number 1, Joint Proposed Jury Instruction Number 15 is DISAPPROVED.
- The Court APPROVES the parties' remaining Joint Proposed Jury Instructions.
- As to the disputed jury instructions, the Court made the following rulings:
  - Disputed Jury Instruction No. 1 – APPROVED, but the government should add the missing paragraph on what is needed to convict a defendant based upon omitted facts as discussed in the Conference.
  - Disputed Jury Instruction No. 2 – DISAPPROVED.
  - Disputed Jury Instruction No. 3 – DISAPPROVED.
  - Disputed Jury Instruction No. 4 – the Court will wait to rule on this until the close of evidence.
  - Disputed Jury Instruction No. 5 – DISAPPROVED. If Miletta wishes to seek reconsideration, Miletta may file further briefing if she so chooses demonstrating that victim restitution can properly considered a witness "benefit."
  - Disputed Jury Instruction No. 6 – DISAPPROVED.
  - Disputed Jury Instruction No. 7 – DISAPPROVED.

- The government is to file an updated version of the jury instructions reflecting the above and identifying which jury instructions shall be read at the start of trial.
- The parties may seek reconsideration of these rulings at the close of evidence should it be warranted.
- The Court will hold a jury instruction conference towards the end of the government's case to further settle the jury instructions.

V. **Witnesses**

- The parties must advise witnesses of all of the Court's orders pertaining to their conduct.
- Witnesses are not to interact with prospective jurors, trial jurors, or alternate jurors.
- Speaking objections are not permitted. All objections should be stated briefly and succinctly in one to three words, if possible. If a hearsay objection is interposed, the Court will permit the proponent to state the applicable exception.
- All identified prospective witnesses, other than the Government's designated agent, are ordered outside of the courtroom prior to their testimony.
- The Court permits direct, cross, redirect, and recross only, except in exceptional circumstances.
- The parties are reminded that failure to have a witness available may result in the Court deeming that party to have rested.

VI. **Exhibits**

- Although the parties are not obligated to do so, the Court encourages the parties to discuss stipulating to authenticity and/or admissibility of exhibits where there is no genuine dispute in order to streamline trial. Set forth below is one sample:

*The parties stipulate to foundation, authenticity, and admissibility of all trial exhibits. The parties intend to submit all trial exhibits as a single set of joint exhibits. The parties stipulate that all trial exhibits may be conditionally received into evidence at the start of trial and waive the Best Evidence Rule. The parties agree that all exhibits presented to the jury at trial shall be deemed admitted. Prior to jury deliberation, the parties will remove from the Court's exhibit binders all trial exhibits that are not presented to the jury at trial. The parties stipulate that all exhibits conditionally received into evidence at the start of trial may be presented to the jury during opening statements.*

- The parties must move exhibits into evidence while the relevant witness is on the stand.

- The parties must move any exhibits into evidence before publishing to the jury or discussing with a witness, unless to lay a foundation or refresh recollection.
- The government advised that it objects to many of the defendant's proposed exhibits on the basis of hearsay as they are email communications. Counsel for the defense indicated that he primarily intended to use these email communications for impeachment or to refresh recollection, in which case a hearsay objection would not apply. The Court will rule on these objections as they are raised during the course of the trial, but the parties should attempt to raise with the Court in advance any objections or responses to objections identified in advance to use the jury's time as efficiently as possible.
- The parties must show any demonstratives to opposing counsel in advance of publication to the jury and permit opposing counsel to interpose any objections. If the parties prefer, they may stipulate to not share demonstratives in advance. In any event, any objections to demonstratives shall be raised outside the presence of the jury, either at sidebar or while the jury is outside the courtroom.
- The parties are ordered to contact the Courtroom Deputy Clerk no later than **Wednesday September 4, 2024,** to make arrangements to test the courtroom audio/visual equipment prior to the commencement of trial.

IT IS SO ORDERED.

Dated: September 3, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

## **Voir Dire Questions**

1. Do any of you know any of the other prospective jurors who are here in the courtroom?

2. Are any of you acquainted with the defendant in this case or think that you have heard her name before today?

3. Do any of you know any of the attorneys sitting at counsel table?

4. Do any of you know me, or any member of the court staff that I introduced to you?

5. Do any of you think that you have prior knowledge of any fact involved in this case?

6. The following people may be called as witnesses in this case. Please listen to the list and raise your hand if you believe that you know any of these people. (Read from witness list.)

7. As I mentioned, the law is that the Government must prove the defendant guilty beyond a reasonable doubt. Is there anyone who disagrees with this rule of law?

8. I also discussed that under the American legal system, the defendant is presumed innocent until proven guilty beyond a reasonable doubt. Is there anyone who disagrees with this rule of law?

9. Now, there is something very important we must discuss. The defendant Ms. Miletta has a constitutional right not to testify. She can rely on the evidence presented by the Government and argue that the Government have failed to prove the charges beyond a reasonable doubt. If Ms. Miletta decides not to testify in this case, you cannot consider that for any reason. You cannot go back to the jury deliberation room and say, "You know I would have liked to have heard from Ms. Miletta." Is there anyone who would have a problem respecting the defendant Ms. Miletta's right not to testify?

10. As we go through this process, I am going to give you a set of instructions. Those instructions are the law you are to follow. Before we go any further, I need to make sure that all of you will be able to follow the instructions and the law as I give it to you and limit your decision to the evidence in this case. Will any of you be unable to?

11. This case was investigated by the Federal Bureau of Investigation, or FBI. To the best of your knowledge, have you, or any member of your family, or any of your close friends, had any experiences, positive or negative, with the FBI?

    a. If "yes," would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

12. To the best of your knowledge, have you, or any member of your family, or any of your close friends, had any experiences with local, state, or federal law enforcement officers besides the FBI, that left you with strong feelings, good or bad, about law enforcement officers?

    a. If "yes," would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

13. Have you, any family member, and/or close friend ever been the victim of a crime?

    a. If "yes," what were the circumstances?

    b. If "yes," were you satisfied or dissatisfied with the way you/they were treated by law enforcement officials and the judicial system?

14. Have you, any family member, and/or close friend ever been accused of, arrested for, or charged with a criminal offense?

    a. If "yes," what were the circumstances? (If any potential juror answers this question in the affirmative, the government respectfully requests that the Court question the bench, so as to avoid embarrassment to the potential juror).

15. Do you believe that you or someone close to you has ever been falsely accused of committing a crime?

16. At the end of this case, I will give you instructions on how to weigh the testimony of witnesses who testify. Witnesses in this case will include law enforcement agents, including agents from the FBI. Would any of you be more likely to believe the testimony of a law enforcement agent, just because that witness is a law enforcement agent? Would any of you be less likely to believe the testimony of a law enforcement agent, just because that witness is a law enforcement agent? Is there anything you may have experienced, seen, heard, or read that would prevent you from fairly assessing the credibility of FBI agents who may testify in this case?

17. Have you now, or do you expect to have, a case against or a claim against or a dispute with the United States Government?

    a. If "yes," would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

18. Do you think that law enforcement or the criminal justice system is unfair or needs to be changed?

19. Do you have any feelings regarding the criminal justice system generally that might affect your ability to consider the evidence in this case fairly and impartially and to base your verdict only on the evidence presented in this case?

20. Do you know of any reasons why you would be biased or prejudiced for or against the Government in this case?

21. The law requires that you base your verdict on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion, such as sympathy, prejudice, vengeance, fear, or hostility. Is there anyone here who feels that he or she cannot put these emotions out of his or her mind when deliberating on a verdict?

22. Does anyone have a religious or moral conviction which would make it difficult for you to sit in judgment of another human being?

23. Would any of you refuse to follow the Court's instructions if you disagreed with those instructions or thought that other rules would be more fair?

24. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

25. Do all members of the jury understand that the issue of punishment is solely to be decided by the Court and should never be considered by the jury, in any way, in arriving at a verdict of guilty or not guilty? Understanding this, do any members of the jury believe they will be unable to remove the issue of possible punishment from their deliberations?

26. The government has no obligation to call as a witness every person who has some knowledge of the case or is mentioned in the testimony. And the defendant has no obligation to call any witnesses at all. Will you be able to follow these rules of law and only base your verdict on the testimony of the witnesses who do testify? Will you refuse to speculate as to what witnesses who are not called might have said if they were called to testify?

27. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

28. Do you, a family member or relative, or a close friend own a business? Please explain.

29. Do you have any general feelings or beliefs regarding individuals who found or run businesses that would affect your ability to be a fair and impartial juror in this case?

30. Do you, a family member or relative, or a close friend work as an accountant, or have expertise in the area of accounting?

31. Have you, any family member, and/or close friend ever been investigated for fraud?

    a. If "yes," would your experience make it difficult for you to be fair and impartial in considering the evidence and following the court's instructions in this securities fraud/insider trading case?

32. Have you, a family member or relative, or a close friend ever been a victim of fraud or been scammed? Please explain and let us know if that would affect your ability to serve as a juror.

33. The defendant is charged with committing wire fraud.

    a. Have any of you heard anything about this case, or similar cases, that would affect your ability to return a fair and impartial verdict?

    b. Is there anything about a wire fraud case that would make you unable to return a verdict of guilty or not guilty, regardless of whether the case is proven beyond a reasonable doubt?

34. What is your current occupation? If you are retired, what did you do before retirement?

35. If you have a "significant other," such as a spouse, domestic partner, or life partner, what is their occupation? If they are retired, what did they do before retirement?

36. Do you have any children? If you do have children, what are their ages? If any of your children are adults, what are their occupations?

37. Have you ever served on a jury before?

    a. If so, how many times and how long ago?

    b. Was the jury service in a criminal case or civil case?

    c. Were you the jury foreperson?

    d. Did the jury reach a verdict? (Please do NOT state the verdict.)

    e. Was there anything about your jury service that left you disappointed or dissatisfied with the court or the justice system?

    f. Was there anything about your jury service that would affect your ability to be a fair and impartial juror in this case?

38. If you are picked as a juror, it is your solemn duty to accept and follow my instructions and rulings, even if you disagree with the law. You may not substitute your own idea of what you think the law ought to be. Do any of you feel that you would have difficulty obeying my legal instructions and rulings?

39. Based on what you have seen or heard during this jury selection process, do you know of any other reason that makes you believe that you cannot be a completely fair and impartial juror in this case? If there is any such reason, it is your duty to disclose it at this time.